The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| ALEXANDER STEVE MATIE & | ) |
| | ) CASE NO. 09-60652 |
| KIMBERLY JO MATIE, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On July 21, 2010, chapter 13 trustee Toby L. Rosen ("trustee") objected to the confirmation of the fourth amended plan ("plan") of debtors Alexander Steve Matie and Kimberly Jo Matie ("debtors"). A hearing was held on August 25, 2010. At the hearing, John H. Hornbrook represented the debtors and the trustee represented herself. At the hearing, the parties agreed that the objection would be amended and briefs would be filed. The trustee filed an amended objection on August 27, 2010. On October 15, 2010 the trustee filed her brief, and, on November 1, 2010, the debtors filed a one-page response. The Court now decides the trustee's objection.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

This is the debtors' second bankruptcy. The debtors filed their first bankruptcy on February 1, 2005 as case number 05-60412. The debtors listed minimal assets: personal effects, $150 in cash and several old cars, mostly disassembled. The chapter 7 trustee in that case, Anthony J. DeGirolamo, issued his finding of no assets on April 18, 2005.

On May 11, 2005, an adversary proceeding was filed in that case by Forest-City Weingart Produce Co., Inc.; The Cleveland Growers Marketing Co.; Paolo Volpe & Sons, Inc. and Shaker Produce, Inc. dba The Final Cut (collectively "PACA claimants") against the debtors under 11 U.S.C. § 523(a). The complaint alleged that the PACA claimants sold perishable agricultural goods to the debtors on credit, and, pursuant to the Perishible Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499(e), the goods were held in trust for the benefit of the PACA claimants. The complaint further alleged that the debtors dissipated the trust assets in violation of their fiduciary duties. On May 23, 2005, the Court entered an order of nondischargability in favor of the PACA claimants in the amount of $58,090.50. On July 26, 2006, the Court entered an agreed amended order which provided that the PACA claimants would not be permitted to execute on the judgment so long as the debtors adhered to a payment plan.

On March 4, 2009, the debtors filed their current chapter 13 bankruptcy. The PACA claimants all filed claims on July 21, 2009. Their claims total $50,976.72. None of the claims assert that the PACA claimants are secured creditors. All of the claims assert that the PACA claimants are entitled to priority claims. However, the PACA claimants have failed to fill in the section of the claim form that requires the specific statutory provision that entitles the PACA claimants to priority.

The debtors filed their fourth amended plan on June 28, 2010. The plan provides that the PACA claimants will be paid 100% of their claims. The debtors' other unsecured creditors, whose claims total approximately $30,000, will receive nothing. The trustee objects to the plan pursuant to 11 U.S.C. § 1322(b)(1) on the basis of unfair discrimination. On October 19, 2010, the trustee objected to the claims of the PACA claimants on the basis that they are not entitled to priority. Responses to the objections were due by November 19, 2010. On November 24, 2010, the Court entered an order sustaining the trustee's objections.

## LAW AND ANALYSIS

PACA was enacted to protect produce suppliers from dishonest or insolvent buyers. Sanzone-Palmisano Co. V. M. Seaman Enterprises, Inc., 986 F.2d 1010, 1012 (6th Cir. 1993). Under PACA, a produce seller becomes the beneficiary of a trust if it complies with certain notice requirements which are not at issue here. Id. at 1003. The trust imposed by PACA has been described as a "floating trust" because the seller is not required to trace proceeds to the particular inventory sold by the seller. Id. Rather, the *res* of the trust is the buyer's entire inventory of produce-related assets and all proceeds of the buyer's produce-related assets. Id. The trust obligation created by PACA is "prior to and superior to any lien or security in inventory held by the buyer's secured lender." Id. at 112. However, if it is clear that the assets that form the

*res* of a PACA trust have been dissipated, the PACA creditor is left with only an unsecured claim. *See* id. at 1014.

The debtors argue that they should be allowed to pay the PACA claims at 100% while paying general unsecured creditors nothing. Although the debtors' one-page brief does not contain a well-developed argument, three possibilities are worth mentioning. The first possibility is that the PACA claimants hold something other than an unsecured claim. The second possibility is that the PACA claimants have an unsecured priority claim. The third possibility is that, although the PACA claimants hold a general unsecured claim, the debtors should be allowed to discriminate against their other unsecured creditors because such discrimination would not be "unfair" as that term is used in section 1322(b)(1). The Court addresses each of these (hypothetical) arguments is turn.

### 1. The PACA claimants hold an unsecured claim.

Section 1322(b)(1) provides in relevant part:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
> (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated . . . .

The debtors might argue that their plan does not discriminate between classes of unsecured claims because the PACA claimants' interests are something other than unsecured claims.

However, it is clear from the circumstances of this case the PACA claimants' claims are unsecured because the *res* of the PACA trust has been dissipated. By the time the debtors filed their first bankruptcy petition in 2005, they had virtually no assets. Furthermore, the basis of the PACA claimants' section 523(a) complaint was that the trust assets had been dissipated, and the Court adopted that position when it found the PACA claims to be nondischargable. Accordingly, the Court finds that the PACA claimants hold unsecured claims.

### 2. The PACA claimants do not hold priority claims.

On November 24, 2010, the Court sustained the trustee's objection to the priority status of the PACA claims. Accordingly, the Court finds that the PACA claimants hold general unsecured claims.

### 3. The discrimination proposed by debtors' plan is unfair.

The plan proposes to pay the nondischargable PACA claims at 100% and all other general unsecured claims at 0%. Courts typically find unfair discrimination where a debtors' plan discriminates to an extreme degree in favor of nondischargable claims. *E.g.*, In re Williams, 253 B.R. 220, 225 (W.D. Tenn. 2000) (paying 100% to student loans and 20% to other creditors). In

this case, the plan's treatment of unsecured claims is particularly unfair because the non-PACA creditors are scheduled to receive nothing.

Accordingly, confirmation of the debtors' plan is denied.

An order will issue with this opinion.

\#     \#     \#

Service List:

Alexander Steve Matie
7100 Orchardview Dr SE
East Canton, OH 44730

Kimberly Jo Matie
7100 Orchardview Dr SE
East Canton, OH 44730

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608